IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Bela Tichy, (137262), | ) |
| Petitioner, | ) |
| | ) Case No. 18 C 50383 |
| v. | ) |
| | ) Judge Philip G. Reinhard |
| David Devane, Chief of Corrections, McHenry County Jail, | ) |
| Respondent. | ) |

## ORDER

Petitioner's motion for service of process at government expense [6] is stricken as unnecessary. Respondent shall answer the habeas corpus petition [1] by March 29, 2019. Petitioner shall reply by April 19, 2019. The Clerk of Court shall send a copy of this order to Margaret Schneider, United States Attorney's Office for the Northern District of Illinois, Western Division.

## STATEMENT

Petitioner Bela Tichy, an alien in the custody of United States Immigration and Customs Enforcement (ICE) detained at the McHenry County Jail, brings a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner has paid the five-dollar filing fee [8]. Pending before the court is petitioner's motion for service of process at government expense [6] and the initial review of the habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts[1] [1].

Petitioner's motion for service of process at government expense [6] is stricken as unnecessary at this time as the court's understanding is that government counsel traditionally appears in immigration cases and does not contest service.

Turning to the habeas corpus petition [1], Rule 4 requires this court to examine the petition and supporting exhibits and dismiss a petition if it "plainly appears" that petitioner is not entitled

---

[1] Although this case is brought under 28 U.S.C. § 2241, the court is permitted to apply the Rules Governing Section 2254 Cases in the United States District Courts to the instant action. *See* Rule 1(b) (allowing application of rules to non § 2254 habeas corpus cases); *Bowers v. U.S. Parole Comm'n*, 760 F.3d 1177, 1183 n.8 (11th Cir. 2014); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005).

to relief. Petitioner states he entered the United States as a refugee from Hungary in 1957. On April 17, 2018, an immigration judge ordered petitioner removed to Hungary. Petitioner claims that Hungary will not receive him because he is not a citizen of Hungary.

Petitioner argues that he should be released because he has been held in custody for more than six months since his case was complete before immigration authorities on April 17, 2018. As a general principle, an alien must ordinarily be removed from the United States within 90 days after the order of removal has become final. *Hussain v. Mukasey*, 510 F.3d 739, 742 (7th Cir. 2007) (citing 8 U.S.C. § 1231(a)(1)(B)). However, there is no constitutional concern until six months following the finalization of the removal order. Once the six month date is reached, there is a presumption that the alien (who is not yet removed and remains in government custody), is "entitled to be released if 'there is no significant likelihood of removal in the reasonably foreseeable future.'" *Hussain*, 510 F.3d at 742 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)). Petitioner is invoking this six-month requirement from *Zadvydas v. Davis*. Petitioner states a cognizable claim for relief. Respondent shall answer or otherwise respond to the habeas corpus petition.

Date: 02/25/2019  ENTER:

_____
United States District Court Judge

Notices mailed by Judicial Staff. (LC)